UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUAN M. RIVERA | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2159 |
| DONALD J. TRUMP, ET AL. | * | SECTION "S" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Juan M. Rivera a/k/a Angelo Rosorio filed a Complaint and Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2. Although his filings were deficient (ECF No. 3), Plaintiff's *in forma pauperis* application included sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. ECF No. 4.

Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily-mandated review. ECF No. 4. This January 10, 2022 Order required Plaintiff to show cause, on or before Wednesday, February 16, 2022, why his Complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *Id*. The Order further directed Plaintiff to file a written response stating his position and setting forth the specific facts to support his cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant. *Id*. The Order further advised Plaintiff that his failure to respond in writing as directed may result in dismissal of is Complaint.

**I.     PLAINTIFF'S CLAIMS**

Plaintiff names "Donald J. Trump, U.S. President" as a defendant in the caption and lists Pfizer Pharmaceutical, Moderna Pharmaceutical, and Astrazeneca as additional defendants. ECF No. 1, at 1, 2. Plaintiff seeks "trillions" of dollars, alleging that he discovered the cure for COVID-

1

19 and Defendants took his intellectual property rights. *Id.* at 3–5. Under the broadest reading to be afforded *pro se* complaints,[1] Plaintiff's complaint is nonsensical and reflects facts that are fanciful, fantastic, and delusional, with no arguable basis in law or fact.

## II.   APPLICABLE LAW AND ANALYSIS

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[3] Indeed, the statute specifically mandates that the court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[4] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

A claim is frivolous when it lacks an arguable basis in law or in fact.[6] A claim lacks an arguable basis in law if it is "'based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[7] A court may not dismiss a claim simply because the facts are "unlikely."[8] A factually frivolous claim alleges only

---

[1] *Moore*, 976 F.2d at 269 (holding *pro se* complaints must be broadly construed).
[2] *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015).
[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1 (E.D. La. Feb. 3, 2011), *R & R adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) ("A district court must sua sponte dismiss an IFP complaint . . . [if] the action is frivolous or malicious, fails to state a claim upon which relief can be granted . . . .").
[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.").
[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted).
[8] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[9]  A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[10]

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[11]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation,"[12] and naked assertions devoid of further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief.  Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[13]  At no point does Plaintiff set forth the factual basis for his claims, as required by Fed. R. Civ. P. 8, nor does he otherwise state the necessary facts to support a claim against any particular party.  Likewise, he fails to identify a basis for subject matter jurisdiction over his purported claim for theft of intellectual property.

### III.   CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2) as frivolous and/or failure to state a claim.  Despite being advised that his failure to respond could result in

---

[9] *Id.*
[10] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[11] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Housing Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R & R adopted*, 2012 WL 700625 (E.D. La. Feb. 29, 2012).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555–57).
[13] *Mills v. Crim. Dist. Crt. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (noting that even liberally construed *pro se* complaints must alleged facts to establish a colorable claim, and conclusory allegations are insufficient).

summary dismissal of his Complaint, Plaintiff has failed to comply with this Court's order to show cause, and Plaintiff has not filed a written statement setting forth the specific facts supporting his cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant.

## IV.   RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[14]

New Orleans, Louisiana, this 9th day of March, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).